BNDAOV

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: <u>0:25–mj–06481–AOV</u> All Defendants

Case title: USA v. Steven Wayne Tompkins

Date Filed: 08/08/2025

Date Terminated: 08/08/2025

---

Assigned to: Magistrate Judge
Alicia O. Valle

**Defendant (1)**

| | | |
|---|---|---|
| **Steven Wayne Tompkins** | represented by | **Noticing FPD–FTL** |
| 01003–512 | | (954) 356–7436 |
| *YOB: 1957; English* | | Email: ftl_ecf@fd.org |
| *TERMINATED: 08/08/2025* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§1951 EXTORTION UNDER COLOR OF OFFICIAL RIGHT | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Lawrence D. LaVecchio** |
| | | United States Attorney's Office |
| | | 500 E Broward Boulevard |

1

7th Floor
Fort Lauderdale, FL 33394
954–660–5788
Fax: 954–356–7230
Email: lawrence.lavecchio@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2025 | 1 | Magistrate Judge Removal of Indictment from DISTRICT OF MASSACHUSETTS Case number in the other District 25–CR–10334–MJJ as to Steven Wayne Tompkins (1). (at) (at). (Entered: 08/08/2025) |
| 08/08/2025 | | Set Hearing as to Steven Wayne Tompkins: Initial Appearance – Rule 5(c)(3)/40 set for 8/8/2025 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (at) (Entered: 08/08/2025) |
| 08/08/2025 | 2 | **ORE TENUS** MOTION to Unseal Case by USA as to Steven Wayne Tompkins. (at) (Entered: 08/08/2025) |
| 08/08/2025 | 3 | ORDER GRANTING 2 ORE TENUS Motion to Unseal Case as to Steven Wayne Tompkins (1). (Signed by Magistrate Judge Alicia O. Valle on 8/8/2025). *(See attached document for full details).* (at) (Entered: 08/08/2025) |
| 08/08/2025 | 4 | Minute Order for proceedings held before Magistrate Judge Alicia O. Valle: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Steven Wayne Tompkins held on 8/8/2025. Bond set: Steven Wayne Tompkins (1) $200,000 PSB. Date of Arrest or Surrender: 8/8/2025. Waiver of Removal/Identity hearing signed in open court. Order of Removal to the District of Massachusetts signed in open Court. Attorney added: Noticing FPD–FTL for Steven Wayne Tompkins (Digital POWER OUTAGE RECORDED BY MARIA KISIC (INTERP)) (Signed by Magistrate Judge Alicia O. Valle on 8/8/2025). (at) (Entered: 08/08/2025) |
| 08/08/2025 | 5 | **ORE TENUS** MOTION to Appoint Counsel by Steven Wayne Tompkins. (at) (Entered: 08/08/2025) |
| 08/08/2025 | 6 | PAPERLESS ORDER GRANTING 5 ORE TENUS Motion to Appoint Counsel as to Steven Wayne Tompkins (1). (Signed by Magistrate Judge Alicia O. Valle on 8/8/2025). (at) (Entered: 08/08/2025) |
| 08/08/2025 | 7 | JOINT **ORE TENUS** MOTION for Bond by USA as to Steven Wayne Tompkins. (at) (Entered: 08/08/2025) |
| 08/08/2025 | 8 | PAPERLESS ORDER GRANTING 7 JOINT ORE TENUS Motion for Bond. as to Steven Wayne Tompkins (1). (Signed by Magistrate Judge Alicia O. Valle on 8/8/2025). (at) (Entered: 08/08/2025) |
| 08/08/2025 | 9 | $200,000 PSB Bond Entered as to Steven Wayne Tompkins Approved by Magistrate Judge Alicia O. Valle. *Please see bond image for conditions of release.* (at) (Additional attachment(s) added on 8/8/2025: # 1 Restricted Bond with 7th Page) (at). (Entered: 08/08/2025) |
| 08/08/2025 | 10 | WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS by Steven Wayne |

| | | Tompkins (at) (Entered: 08/08/2025) |
|---|---|---|
| 08/08/2025 | 11 | ORDER OF REMOVAL ISSUED to DISTRICT OF MASSACHUSETTS as to Steven Wayne Tompkins Closing Case for Defendant. (Signed by Magistrate Judge Alicia O. Valle on 8/8/2025). *(See attached document for full details).* (at) (Entered: 08/08/2025) |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Our case number: 25-mj-6481-AOV

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 25cr10334 |
| v. | Violations: |
| STEVEN WAYNE TOMPKINS, | Counts One-Two: Extortion Under Color of Official Right (18 U.S.C. § 1951) |
| Defendant | |
| | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INDICTMENT

FILED BY _____ AR _____ D.C.

**Aug 8, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

At all times relevant to this Indictment:

General Allegations

1.    The defendant, STEVEN WAYNE TOMPKINS ("TOMPKINS") was a resident of Boston, Massachusetts.

2.    Defendant TOMPKINS is currently the Sheriff for the Suffolk County Sheriff's Department (the "SCSD"). TOMPKINS was first appointed Sheriff in 2013, elected as Sheriff in a special election in or about 2014, and thereafter gained election to successive six-year terms beginning in or about 2016. As SCSD Sheriff, TOMPKINS oversaw approximately 1000 SCSD correctional officers and other employees responsible for operating and maintaining correctional facilities in Boston at the House of Correction and Nashua Street Jail. From 2020 to 2022, TOMPKINS collected total yearly compensation of approximately $152,437, $161,911, and $172,783, respectively.

3.    As SCSD Sheriff, TOMPKINS was a Massachusetts state employee. As a

1

Massachusetts state employee, TOMPKINS was subject to Massachusetts state ethics laws, including Massachusetts General Laws, Chapter 268A, which prohibited TOMPKINS from (i) soliciting or receiving anything of substantial value, for or because of his official position, or (ii) using his official position to obtain any unwarranted privilege of substantial value for himself, and that which was not properly available to other similarly situated individuals, M.G.L., c. 268A § 23(b)(2).

4.  Sheriff TOMPKINS was aware of the above prohibitions because:

 a.  In August 2015, TOMPKINS entered into a disposition agreement with the Massachusetts State Ethics Commission ("SEC") in which TOMPKINS acknowledged that he had read the prohibition of M.G.L., c. 268A § 23(b)(2) and admitted that he had violated such prohibition when, during his 2013 election campaign, TOMPKINS used his position as Sheriff to cause retail shop proprietors to take down his political opponent's campaign signs; and

 b.  In November 2020, the SEC served TOMPKINS with a preliminary inquiry notice, informing TOMPKINS that he was being investigated for violations of M.G.L., c. 268A § 23(b)(2) stemming from TOMPKINS creating a paid position at the SCSD for his niece in or about 2017, which facilitated her to assist with TOMPKINS's childcare, and TOMPKINS using other SCSD staff to perform childcare for TOMPKINS from 2014 to at least 2020.[1]

5.  "Company A" was a national cannabis cultivation and retail company that operated

---

[1] In March 2023, TOMPKINS entered into a disposition agreement with the SEC in which TOMPKINS acknowledged that he had read the prohibition of M.G.L., c 268A § 23(b)(2) and admitted that he had violated such prohibition when he hired his niece and used other SCSD staff to provide childcare for TOMPKINS.

2

cannabis dispensaries in Massachusetts and several other states. Company A, which conducted business in and affecting interstate commerce, was founded in approximately 2018 and became a publicly listed and traded company at the time of its initial public offering ("IPO") in or about 2021.

6. Prior to becoming a publicly listed company, sales of Company A stock[2] were restricted by various Company A agreements that generally prohibited transfers of shares, and by securities laws that prohibited the sale of non-public stock to the general public unless certain conditions were met.

7. "Individual A" was a Company executive and the owner of "Holding Company A." Individual A owned shares of non-public Company A stock through Holding Company A.

8. The Massachusetts Cannabis Control Commission (the "CCC") was charged with overseeing the regulation, approval, and licensure process for cannabis companies seeking to conduct business in Massachusetts. Cannabis companies operating in Massachusetts were required to renew their license on an annual basis with the CCC.

9. Cannabis companies that sought to operate in communities that had been disproportionately impacted by cannabis prohibition and enforcement were also required to implement a positive impact plan intended to benefit areas of disproportionate impact, as defined by the CCC (the "PIP Requirement"), as part of the licensure and annual licensure renewal process.

10. Company A[3] sought to open a retail cannabis dispensary in Boston, Massachusetts and applied to the CCC for a dispensary license beginning in or about 2019. To satisfy the PIP

---

[2] Equity interests in Company A had different names and took various forms over time, but for simplification will be referred to herein as "Company A stock."
[3] For purposes herein, references to Company A shall also include its Massachusetts subsidiary that applied for its Boston licensure with the CCC.

3

Requirement, Company A entered into a partnership with the SCSD whereby the SCSD would help screen and refer graduates of its re-entry program to apply for work at Company A's retail store. Company A's partnership with the SCSD was memorialized in a September 2019 letter signed by TOMPKINS on SCSD letterhead and submitted to the CCC in its completed dispensary license application in or about March 2020.[4]

11. In or about March 2021, the CCC approved a license for Company A to operate a cannabis dispensary in Boston. Thereafter, Company A submitted license renewal applications to the CCC in 2021, 2022, and 2023, which were each ultimately approved. In each of the renewal applications, Company A included its ongoing partnership with the SCSD as part of its fulfillment of the PIP Requirement.

### TOMPKINS's Extortion of Individual A

12. From in or about 2020 to July 2023, defendant TOMPKINS engaged in schemes to extort Individual A (i) into selling TOMPKINS a pre-IPO equity interest in Company A for $50,000 in exchange for TOMPKINS's favorable action or inaction as the SCSD Sheriff with respect to the SCSD's partnership with Company A, and (ii) thereafter refunding the entire $50,000 equity interest in Company A to defendant TOMPKINS at later dates in exchange for the same.

*Company A Looks Toward Initial Public Offering*

13. Since its inception in 2018, one of Company A's goals was to grow its cannabis business nationwide by raising sufficient capital to launch an IPO, and then continue its growth as a publicly traded company.

---

[4] On or about October 13, 2020, Company A, as part of its ongoing license application to the CCC, obtained an October 13, 2020 letter signed by TOMPKINS on SCSD letterhead and addressed to the CCC, which reaffirmed SCSD's partnership with Company A.

14. Because Company A was then a non-public, privately-owned company, Company A officials, including Individual A, sought large-scale, multimillion-dollar investments from institutions or other high net-worth, sophisticated investors in order to raise capital efficiently and in accordance with general restrictions applicable to the sale of privately-held securities. Company A officials, including Individual A, were not looking to raise capital from the general public or small, individual investors.

15. Beginning in or about mid-2020, Company A began the process of preparing for an IPO of Company A stock, which included producing audited financial statements, hiring attorneys for compliance with securities laws, and obtaining additional financing from large scale and high net-worth investors, among other things.

16. During this same approximate period in 2020, Company A was actively seeking to obtain its license from the CCC to operate a retail cannabis dispensary in downtown Boston. Being one of the first recreational marijuana dispensaries to open in downtown Boston was an important strategic goal for Company A's successful IPO launch.

*TOMPKINS Pressures Individual A to Sell TOMPKINS Pre-IPO Company A Stock*

17. Beginning in or about mid-2020 and continuing in the following months, TOMPKINS told Individual A on several occasions, in sum and substance, that TOMPKINS wanted to "take part in the IPO" and "wanted to get in on the stock so [he] could make some cannabis money." Individual A did not want to sell any pre-IPO Company A stock to TOMPKINS.

18. After being initially rebuffed in his requests to buy Company A stock before the IPO, TOMPKINS increased his pressure on Individual A to sell him Company A stock by reminding Individual A that TOMPKINS should get Company A stock because TOMPKINS had

5

helped Company A in its Boston licensing efforts and that Company A would continue to need TOMPKINS's help for license renewals.

19.    Finally, after increased pressure from TOMPKINS on Individual A, which caused Individual A to believe and fear that TOMPKINS would use his official position as Sheriff to jeopardize Company A's partnership with the SCSD, and thus imperil both (i) the dispensary license for Company A's cannabis store in Boston, and (ii) the timing of Company A's IPO, Individual A relented and agreed to TOMPKINS's demands for a pre-IPO interest in Company A stock.

*TOMPKINS Obtains a $50,000 Pre-IPO, Equity Interest in Company A Stock*

20.    As noted above, Individual A owned shares of pre-IPO Company A stock through Holding Company A. These shares, however, were subject to various Company A agreements that prohibited the general transfer of shares of pre-IPO Company A stock unless certain conditions were met, including compliance with securities laws, notice to other Company A stockholders, and even approval from the Company A board under certain circumstances.

21.    To circumvent these restrictions, but still allow TOMPKINS to acquire a pre-IPO equity interest in Company A, TOMPKINS and Individual A agreed that Individual A would sell TOMPKINS an ownership interest in Holding Company A. Holding Company A's sole asset was its ownership interest in Company A stock.

22.    To complete the transaction, TOMPKINS and Individual A did the following:

a.    On or about November 10, 2020, TOMPKINS wired a $50,000 payment from TOMPKINS's retirement account to an account controlled by Individual A.

6

   b.  On or about November 13, 2020, TOMPKINS entered into a side agreement ("Side Agreement") with Individual A whereby, in exchange for TOMPKINS's $50,000 payment, TOMPKINS received a percentage ownership interest in Holding Company A, "which was equal to 28,833 shares of [Company A stock]."

23.    Based on TOMPKINS's $50,000 payment and receipt of equity equivalent to 28,833 shares of Company A stock, TOMPKINS paid a pre-IPO price of approximately $1.73 per share of Company A stock. After a reverse-split of Company A stock, which occurred just prior to the IPO, TOMPKINS held approximately 14,417 shares of Company A stock (at a per share price of approximately $3.46).

24.    In or about mid-2021, Company A launched its IPO. At or around the time of the IPO, Company A stock had a value of approximately $9.60 per share. Thus, TOMPKINS's $50,000 purchase of 14,417 shares of Company A stock had appreciated to an approximate value of $138,403.

*TOMPKINS Demands His $50,000 Investment Back to Help Pay for Campaign and Personal Expenses*

25.    In or about late 2021 to 2022, TOMPKINS was in the midst of a re-election campaign for Sheriff. To help pay for his campaign and other personal expenses, TOMPKINS demanded that Individual A refund TOMPKINS's $50,000 investment in Company A stock.

26.    Although the Side Agreement did not grant TOMPKINS a guaranteed risk-free investment in Company A stock,[5] nor any unilateral authority to demand and receive his investment back, much less the full $50,000 payment, Individual A feared that if Individual A did

---

[5] The Side Agreement provided, in part, that: "The Buyer [TOMPKINS] is able to bear the economic risk of an investment …, including the risk of a complete loss of his or her investment."

not agree to TOMPKINS's demands, TOMPKINS could use his official authority as Sheriff to terminate the SCSD's ongoing partnership with Company A and, thus, jeopardize Company A's Boston and other Massachusetts dispensary license renewals with the CCC.

27.    Therefore, even though Company A stock had decreased in price such that TOMPKINS's equity interest in Company A stock was worth several thousand dollars less than $50,000, Individual A agreed to TOMPKINS's demands for full repayment.

28.    From approximately May 2022 to July 2023, Individual A refunded TOMPKINS's $50,000 investment by issuing TOMPKINS five (5) checks.  Moreover, in accordance with TOMPKINS's wishes, Individual A wrote memos "loan repayment" and "[company] expense" to disguise the nature of some of the payments:



COUNTS ONE AND TWO
Extortion
(18 U.S.C. § 1951)

The Grand Jury charges:

29.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 - 28 of this

Indictment.

30.     From in or about mid-2020 to in or about July 2023, in the District of

Massachusetts, and elsewhere, the defendant,

STEVEN WAYNE TOMPKINS,

did obstruct, delay, and affect, and attempt to obstruct, delay and affect, in any way and degree,

commerce and the movement of any article and commodity in commerce, by extortion, as that

term is defined in Title 18, United States Code, section 1951; that is, by obtaining property not due

to the defendant, from Individual A with the consent of Individual A, under color of official right

and by the wrongful use of fear, including fear of economic loss:

| Count | Transaction |
|---|---|
| 1 | Defendant TOMPKINS's acquisition of a pre-IPO $50,000 equity interest in Company A stock in November 2020 |
| 2 | Defendant TOMPKINS's obtaining the refund of his entire initial $50,000 equity investment in Company A stock from May 2022 to July 2023 |

All in violation of Title 18, United States Code, Section 1951(a).

9

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.    Upon conviction of one or more of the offenses in violation Title 18, United States Code, Section 1951, set forth in Counts One and Two, the defendant,

STEVEN WAYNE TOMPKINS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

10

A TRUE BILL

FOREPERSON

JOHN T. MULCAHY
DUSTIN CHAO
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: August 7, 2025
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn @ 1:15pm.
DEPUTY CLERK

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-MJ-6481-AOV


UNITED STATES OF AMERICA
      Plaintiff

vs

STEVEN WAYNE TOMPKINS
      Defendant
_____/

## O R D E R

    THIS CAUSE is before the Court for the initial appearance of the above-named defendant(s) on a SEALED INDICTMENT filed in the District of Massachusetts.

    UPON ORAL motion of the Government in open court that the case be unsealed, it is hereby

    ORDERED AND ADJUDGED that the SEALED INDICTMENT filed in the District of Massachusetts be unsealed as to the above defendant.

    DONE AND ORDERED at Fort Lauderdale, Florida this 8th day of August, 2025.

_____
**ALICIA O. VALLE**
**UNITED STATES MAGISTRATE JUDGE**


cc: All Counsel of Record

# COURT MINUTES/ORDER

## United States Magistrate Judge Alicia O. Valle

**Fort Lauderdale Courtroom 310**     Date: 8/8/2025     Time: 11:00AM

Defendant: **Steven Wayne Tompkins (B)**     J#: **01003-512**     Case #: **25-mj-6481-AOV**

AUSA: **Lawrence Lavecchio**     Attorney: **Wesley Wallace, AFPD**

Violation: 18 U.S.C.§ 1951 – Extortion under color of official right

Proceeding: Initial Appearance on Removal     CJA Appt:

Bond/PTD Held: ☐ Yes   ☑ No     Recommended Bond:

Bond Set at: **$200,000 PSB**     Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs

Language: English

☐ Report to PTS **as directed**/or _____ x's a week/month by phone: _x_'s a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to:

☑ Other: See bond.

**Disposition:**

Def. present in court. Def. advised of his rights and charges. Gov't oral motion to unseal Indictment – granted. See Order. Def. oral motion for appointment of counsel – granted. Court appoints AFPD for removal purposes only. AFPD appointed. Joint oral motion for stipulation of bond – granted. Court accepts and sets $200K PSB. Waiver of Rule 5 and 5.1 Removal/Identity hearing signed in open court. Order of Removal to the District of Massachusetts signed in open court. Defendant to be removed to the District of Massachusetts.

**NEXT COURT APPEARANCE**     Date:     Time:     Judge:     Place:

**Report Re Counsel**:

**PTD**/Bond Hearing:

**Prelim/Arraign** or Removal:

Status Conference RE:

D.A.R. Power outage; hearing recorded by Maria Kisic (Interpreter)     Time in Court: One hour.

**CHECK IF APPLICABLE: __For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including _____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..**

16

Revised 03/2025

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

### CASE NO.: 25-MJ-6481-AOV

FILED BY _____ D.C.

AUG 0 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES OF AMERICA
        Plaintiff,

v.

                              USM #:_____

STEVEN WAYNE TOMPKINS
        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 200,000 PSB _____

### STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; *by Friday 8/15/25 10 Am*

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; *only to return to MA.*

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE THREE

_ o. **LOCATION MONITORING PROGRAM:** The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i) Following the location restriction component **(check one):**

_ (1) **Curfew.** You are restricted to your residence every day (_) from _____ to _____, or (_) as directed by the supervising officer; or

_ (2) **Home Detention.** You are restricted to your residence at all times except employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or

_ (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court.

_ (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restriction. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

ii) Submit to the following location monitoring technology **(check one):**

__ (1) Location monitoring technology as directed by the supervising officer; or

__ (2) GPS; or

__ (3) Radio Frequency; or

__ (4) Voice Recognition; or

_ (5) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

iii) (_) pay all or part of the cost of the location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment
( ) education
( ) religious services
( ) medical, substance abuse, or mental health treatment
( ) attorney visits
( ) court appearances
( ) court ordered obligations
( ) reporting to Pretrial Services
( ) other _____

**DEFENDANT: S. TOMPKINS**
**CASE NUMBER: 25-MJ-6481-AOV**
**PAGE FOUR**

__ q. Third-Party Custody: _____will serve as a third-party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: _Massachusetts_, and must notify Pretrial Services of travel plans before leaving and upon return.

__ v. Comply with the following additional conditions of bond:_____

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**DEFENDANT: S. TOMPKINS**
**CASE NUMBER: 25-MJ-6481-AOV**
**PAGE SIX**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____, 20_____ at _____, Florida

Signed and acknowledged before me:

WITNESS: _____

DEFENDANT: (Signature) _____

_____     _____
City                          State

City _____     State _____

### CORPORATE SURETY

Signed this_____ day of _____, 20_____ at _____, Florida

SURETY: _____

AGENT: (Signature) _____

PRINT NAME: _____

_____     _____
City                          State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____     _____
City                          State

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____     _____
City                          State

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____     _____
City                          State

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____     _____
City                          State

### APPROVAL BY THE COURT

Date: _8/8/25_

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Revised 03/2025

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

### CASE NO.: 25-MJ-6481-AOV

FILED BY _____ D.C.

AUG 0 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES OF AMERICA
Plaintiff,

v.

STEVEN WAYNE TOMPKINS
Defendant,

USM #:_____

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 200,000 PSB _____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; *by Friday 8/15/25 10 Am*

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; *only to return to MA.*

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE THREE

_ o. **LOCATION MONITORING PROGRAM:** The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i) Following the location restriction component **(check one):**

_ (1) **Curfew.** You are restricted to your residence every day (_) from _____ to _____, or (_) as directed by the supervising officer; or

_ (2) **Home Detention.** You are restricted to your residence at all times except employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or

_ (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court.

_ (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restriction. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

ii) Submit to the following location monitoring technology **(check one):**

__ (1) Location monitoring technology as directed by the supervising officer; or

__ (2) GPS; or

__ (3) Radio Frequency; or

__ (4) Voice Recognition; or

_ (5) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

iii) (_) pay all or part of the cost of the location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

**DEFENDANT: S. TOMPKINS**
**CASE NUMBER: 25-MJ-6481-AOV**
**PAGE FOUR**

__ q. Third-Party Custody: _____will serve as a third-party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

   1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
   2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
   3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
   4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
   5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
   6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
   7. (   ) The defendant shall not be involved in any children's or youth organizations.
   8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
   9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

__ u. May travel to and from: _Massachusetts_ , and must notify Pretrial Services of travel plans before leaving and upon return.

__ v. Comply with the following additional conditions of bond:_____

26

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: S. TOMPKINS
CASE NUMBER: 25-MJ-6481-AOV
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____, 20____ at _____, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) _____

WITNESS: _____

_____        _____
City                              State

City                              State

### CORPORATE SURETY

Signed this_____ day of _____, 20____ at _____, Florida

SURETY: _____        AGENT: (Signature) _____

PRINT NAME: _____

_____        _____
City                              State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20___ at _____, Florida    Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____        _____        _____        _____
City                              State                              City                              State

Signed this ___ day of _____, 20___ at _____, Florida    Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____        _____        _____        _____
City                              State                              City                              State

## APPROVAL BY THE COURT

Date: __8/8/25__

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

<table>
<tr><td>CM/ECF RESTRICTED</td><td>DEFENDANT: S. TOMPKINS</td></tr>
</table>

**CASE NUMBER: 25-MJ-6481-AOV**

**PAGE SEVEN**

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____ , 20____ at _____ , Florida

Signed and acknowledged before me:

WITNESS: _____

ADDRESS: _____

_____ ZIP: _____

DEFENDANT: (Signature) X _Steve Tompkins_

ADDRESS: 106 Williams Ave

Hyde Pk     ZIP: 02136

TELEPHONE: 617 828 5134

### CORPORATE SURETY

Signed this_____ day of _____ , 20____ at _____ , Florida

SURETY: _____

ADDRESS: _____

_____ ZIP: _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this___ day of _____ , 20___ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____ , 20___ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this___ day of _____ , 20___ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____ , 20___ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 25-MJ-6481-AOV

United States of America
    Plaintiff,
  v.

                             Charging District's Case No. 25-CR-10334-MJJ

Steven Wayne Tompkins
    Defendant,
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

    I understand that I have been charged in another district, the District of Massachusetts.

    I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

    I agree to waive my rights to: **(check those that apply)**

☐ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

X _____
Defendant's Signature

Date: 8/8/2025

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 25-MJ-6481-AOV

United States of America
        Plaintiff,

    v.

Steven Wayne Tompkins
        Defendant,
_____/

## ORDER OF REMOVAL

It appearing that in the **District of Massachusetts**, an Indictment was filed against the above-named defendant on a charge of extortion under color of official right, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Alicia O. Valle at Fort Lauderdale, Florida, which officially committed the defendant for removal to the **District of Massachusetts**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Alicia O. Valle for removal and released to $200,000 **PSB/CSB** which was approved by the United States Magistrate Judge Alicia O. Valle, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida on 8/8/2025.

_____
Alicia O. Valle
United States Magistrate Judge