UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) ) |
| v. | ) ) No. 25-CR-10334-MJJ |
| STEVEN WAYNE TOMPKINS,<br>Defendant | ) ) ) ) ) ) |

## MOTION TO STRIKE

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and, pursuant to Fed. R. Crim. P. 7(d), hereby respectfully moves this Honorable Court to strike paragraphs 3 and 4 of the Indictment in the above-captioned matter. As grounds and reasons therefor, Mr. Tompkins states that these paragraphs relate exclusively to the Massachusetts state ethics laws and his alleged violations thereof (dating back up to 12 years ago), which have no relevance to the charges of Hobbs Act extortion at issue in this case. As further grounds and reasons for his Motion, Mr. Tompkins incorporates the below Memorandum of Law.

### REQUEST FOR ORAL ARGUMENT

Mr. Tompkins respectfully requests that oral argument be held on this Motion.

### MEMORANDUM OF LAW

**A.   Background**

Mr. Tompkins stands charged with two counts of Hobbs Act extortion. These charges are, in sum and substance, predicated upon the allegation that Mr. Tompkins received an equity interest in a cannabis company ("Company A") and a subsequent refund of his investment "in

1

exchange for" Mr. Tompkins's "favorable action or inaction as the" Suffolk County Sheriff Department ("SCSD") Sheriff "with respect to the SCSD's partnership with Company A." Dkt. 1 at ¶ 12. As explained in detail in a contemporaneously filed Motion to Dismiss, in order to prove extortion under color of official right, the government must establish that Mr. Tompkins engaged in *quid pro quo* bribery. *See* Motion to Dismiss at 13-14.

The paragraphs of the Indictment at issue in this Motion relate not to bribery, but instead to state ethics laws that impose substantially different obligations on Massachusetts public officials. The Indictment alleges that Mr. Tompkins "was subject to Massachusetts state ethics laws, including Massachusetts General Laws, Chapter 268A, which prohibited [Mr. Tompkins] from (i) soliciting or receiving anything of substantial value, for or because of his official position, or (ii) using his official position to obtain any unwarranted privilege of substantial value for himself, and that which was not properly available to other similarly situated individuals." Dkt. 1 at ¶ 3 (citing Mass. Gen. Laws ch. 268A, § 23(b)(2)).

Purportedly to show Mr. Tompkins's "aware[ness]" of these state ethics rules, the next paragraph of the Indictment alleges two prior violations, beginning many years ago, which have no other apparent relevance to the instant matter. First, "[i]n August 2015, [Mr. Tompkins] entered into a disposition agreement with the Massachusetts State Ethics Commission ('SEC') in which [Mr. Tompkins] acknowledged that he had read the prohibition of M.G.L., c. 268A § 23(b)(2) and admitted that he had violated such prohibition when, during his 2013 election campaign, [Mr. Tompkins] used his position as Sheriff to cause retail shop proprietors to take down his political opponent's campaign signs." Dkt. 1 at ¶ 4a. Second, "[i]n November 2020, the SEC served [Mr. Tompkins] with a preliminary inquiry notice, informing [Mr. Tompkins]

that he was being investigated for violations of M.G.L., c. 268A § 23(b)(2) stemming from [Mr. Tompkins] creating a paid position at the SCSD for his niece in or about 2017, which facilitated her to assist with [Mr. Tompkins's] childcare, and [Mr. Tompkins] using other SCSD staff to perform childcare for [Mr. Tompkins] from 2014 to at least 2020." Dkt. 1 at ¶ 4b.

**B.     Legal Standard**

Fed. R. Crim. P. 7(d) provides, "[u]pon the defendant's motion, the court may strike surplusage from the indictment . . . ." This rule "serves to protect the defendant 'against immaterial or irrelevant allegations in an indictment, . . . which may . . . be prejudicial.'" *United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994) (quoting Fed. R. Crim. P. 7(d), advisory committee note)). The decision to strike "rests in the sound discretion of the district court." *Id.*

**C.     Argument**

Here, the allegations in paragraphs 3 and 4 of the Indictment are both irrelevant to the charges in this case and unfairly prejudicial to Mr. Tompkins. The section of the Massachusetts state ethics law that those allegations relate to is a prohibition on gratuities. *See* Mass. Gen. Laws ch. 268A, § 23(b)(2) (providing, in part, that a public official shall not "solicit or receive anything of substantial value . . . for or because of the officer or employee's official position"); *United States v. Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013) (defining an illegal gratuity as "given or accepted for or because of an official act" (quoting *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999)). But, for reasons outlined in the contemporaneously filed Motion to Dismiss, a mere gratuity is not sufficient to support conviction on any charge in this case. *See* Motion to Dismiss at 13-14. As the Supreme Court made clear long ago, and recently reaffirmed, "bribery and gratuities are 'two separate crimes' with 'two different sets of

elements.'" *Snyder v. United States*, 603 U.S. 1, 13 (2024) (quoting *Sun-Diamond*, 526 U.S. at 404). Because the state ethical prohibitions cited in the Indictment are significantly broader than the federal prohibition on extortion, Mr. Tompkins's "aware[ness]" of the former is simply not relevant. Dkt. 1 at ¶ 4.

In addition to these legal distinctions, Mr. Tompkins's alleged violations of state ethics rules are factually far removed from the charges in this case, all of which are predicated upon his interactions with Individual A, an executive of a cannabis company, from 2020 to 2023. Whether or not, twelve years ago, Mr. Tompkins caused "retail shop proprietors to take down his political opponent's campaign signs," Dkt. 1 at ¶ 4a, does not have "any tendency to make a fact [of consequence in determining the instant action] more or less probable," and it is, accordingly, irrelevant. Fed. R. Evid. 401. The same is true of Mr. Tompkins's alleged use of his niece and other SCSD staff for childcare beginning eleven years ago. *See* Dkt. 1 at ¶ 4b. Rather than serving any permissible evidentiary purpose, these allegations will raise the prospect of the very propensity inference forbidden by Fed. R. Evid. 404(b). *See, e.g.*, *United States v. Cortijo-Diaz*, 875 F.2d 13, 15 (1st Cir. 1989) (emphasizing the "central principle" of Rule 404(b) that "evidence of other acts is *not admissible* to prove propensity to engage in criminal activity").

Even assuming *arguendo*, and contrary to the foregoing, that the alleged ethics violations may somehow be admissible under Rule 404(b), they are certainly not part of any crime charged in the Indictment and are in no respect necessary to the charges. Accordingly, the defense respectfully submits that the allegations should be stricken even if the government identifies a permissible Rule 404(b) purpose for which the evidence may be admissible at trial. *See United States v. Gatto*, 746 F. Supp. 432, 458 (D.N.J. 1990), *reversed on other grounds* ("Whether or

not evidence about the attack is admissible, . . . is immaterial to the determination whether such information is properly included in the indictment; the court rejects the government's attempt to equate admissibility of evidence with proper inclusion in the indictment."); *United States v. Chase*, No. 06-CR-00065, 2006 WL 3780007, at *2 (D. Nev. Dec. 14, 2006) ("The superseding indictment is adequate in law without reference to the prejudicial and inflammatory allegations that [defendant] was previously convicted of a lewd act upon a minor. The court therefore finds the references to this conviction should be stricken as prejudicial surplusage.").[1]

Evidence regarding state ethics rules and alleged violations thereof is similarly irrelevant with respect to the government's alternative theory of extortion by fear of economic loss. Indeed, the Honorable Judge Sorokin has so held, rejecting a government argument that state ethical violations could prove that the defendant's use of economic fear was "wrongful." In reaching this result, the Court first noted that the relevant state statute (the same one at issue here) "contains no criminal sanctions." *United States v. Brissette*, No. 16-CR-10137, 2020 WL 718294, at *17 (D. Mass. Feb. 12, 2020) (Sorokin, J.) (quoting *Saccone v. State Ethics Comm'n*, 395 Mass. 326, 330 (Mass. 1986)).[2] According to the Massachusetts Supreme Judicial Court, "section 23 'was not intended as a set of specific provisions punishable [by penal sanction or] by [civil] fine, but rather, it performs a particularly useful role in outlining the principles of the other

---

[1] The defense acknowledges that other courts have declined to strike admissible Rule 404(b) evidence from indictments. *See, e.g.*, *United States v. Siegel*, 536 F.3d 306, 321 (4th Cir. 2008). But it respectfully submits that, at the very least, this Court possesses discretion to strike the alleged ethics violations at issue here, which are, at best, only very loosely connected to events at issue in this case.

[2] Violations are criminally punishable when committed "with fraudulent intent," Mass. Gen. Laws ch. 268A, § 26, but that is not alleged in this Indictment.

more concrete provisions" of the state ethics laws. *Id.* (quoting *Saccone*, 395 Mass. at 333). This lack of criminal penalty "render[ed] the government's effort to use" the state statute "as a basis for federal criminal liability even more problematic from a constitutional standpoint." *Id.* at *18 n.36. Second, the Court relied upon the Supreme Court's express refusal to "construe the Hobbs Act 'in a manner that . . . involves the Federal Government in setting standards of good government for local and state officials.'" *Id.* at *18 (quoting *McDonnell*, 579 U.S. at 577); *see also United States v. Tavares*, 844 F.3d 46, 49, 54 (1st Cir. 2016) (finding the government "overstepped its bounds in using federal criminal statutes to police" what it deemed "unappealing conduct" by state officials); *United States v. Walker*, 490 F.3d 1282, 1299 (11th Cir. 2007) (stating that federal courts are not empowered to "instruct state officials on how to conform their conduct to state law, because this power is reserved to the states").

**D.   Conclusion**

For the foregoing reasons, Mr. Tompkins respectfully requests that the Court strike paragraphs 3 and 4 of the Indictment.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with the Government, and the Government opposes the relief requested in this Motion.

    Respectfully Submitted,
    STEVEN TOMPKINS
    By His Attorney,

    **/s/ Martin G. Weinberg**
    Martin G. Weinberg, Esq.
    Mass. Bar No. 519480
    20 Park Plaza, Suite 1000
    Boston, MA 02116
    (617) 227-3700

owlmgw@att.net

Dated: October 9, 2025

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, October 9, 2025, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.