UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 25-CR-10334-MJJ |
| STEVEN WAYNE TOMPKINS,<br>       Defendant | ) ) ) ) ) | |

**<u>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and respectfully submits this Notice of Supplemental Authority pertinent to his pending Motion to Dismiss (Dkt. 28). That Motion argued, *inter alia*, that the allegations in the Indictment are insufficient to support the requisite element of wrongfulness in support of the government's alternative theory of extortion by fear of economic loss. *See* Dkt. 28 at 3, 16-17, 22-24.

The First Circuit recently reaffirmed the required element of wrongfulness in *United States v. Diaz-Colon*, No. 23-1692 (1st Cir. Dec. 2, 2025), Slip Op. 21, 78-80 ("The court should have prefaced each reference to 'a threat' in the Count Two instructions with the modifier 'wrongful' or reiterated that, to find that [defendant] had an 'intent to extort money or something else of value,' the jury needed to find that he had no 'claim of right to the property' sought by means of the threatening communication" (citation omitted)). The defense respectfully submits that this supplemental authority is relevant to its argument for dismissal.

                                                            Respectfully Submitted,
                                                            STEVEN TOMPKINS

1

By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: December 30, 2025

**CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on this date, December 30, 2025, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
