UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 25-CR-10334-MJJ |
| STEVEN WAYNE TOMPKINS, Defendant | ) ) ) ) ) | |

### DEFENDANT STEVEN TOMPKINS'S PROPOSED JURY *VOIR DIRE*

Now comes the Defendant, Steven Tompkins, by and through undersigned counsel and pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, hereby respectfully requests that the Court include the following questions in its examination of prospective jurors. The defense respectfully submits that a number of factors support a particularized need for the areas of inquiry set forth below during *voir dire* in this case. Mr. Tompkins's status as a Black public official requires questioning regarding jurors' implicit biases and feelings about public officials. A number of negative articles published in the *Boston Globe* about Mr. Tompkins and subject matter irrelevant to the present case (*e.g.*, alleged budget overruns and overtime practices) requires *voir dire* regarding media exposure. The evidence regarding Mr. Tompkins's investment in a cannabis company requires inquiry regarding jurors' feelings about cannabis, a subject to be posed in an upcoming ballot question.[1]

---

[1] *See* https://www.bostonglobe.com/2026/06/30/business/massachusetts-marijuana-ballot-repeal-questions/

## Background

1.    Where do you live?

2.    If you are working, where do you work (employer) and what do you do there?  If you're not currently working, where have you worked in the past?

3.    If your spouse/partner is working, where does s/he work (employer) and what does s/he do there?  If your spouse/partner is not currently working, where has s/he worked in the past?

4.    If you have any grown children who are working, where do they work (employer) and what do they do there?  If your grown children are not currently working, where have they worked in the past?

5.    What is the highest level of education you've completed?

6.    Have you or anyone close to you ever worked in any kind of regulatory or compliance-related position?  If yes, please explain?

7.    Which network, newspaper, or website do you rely on for most of your news?

## Knowledge of the Case and Media Coverage

8.    How closely do you follow stories about local politics in your area?

9.    Have you heard, read, or seen anything from newspaper, television, radio, the internet, friends, family, or any other source, regarding Steven Tompkins, the Suffolk County Sheriff's Department, Ascend, Ascend's principal Frank Perullo, the Massachusetts cannabis application process, the charges against Mr. Tompkins, or this case?

10.    If you are selected as a juror, you will not be permitted to read or listen to any news about this case.  You won't be allowed to do any internet research concerning it.  You will

only be allowed to consider information that you hear in this courtroom as evidence. You won't be allowed to write about your participation as a juror on any internet site or blog. You won't be able to discuss what you are doing, with whom you are doing it, or the events that occur during the course of the trial. This is very important. We live in a connected world, but this is a matter about which you need to focus solely on what's happening in the courtroom. Does anyone believe that they would have difficulties complying with this extremely important instruction?

### Knowledge of the Parties

11.    The government is represented here by the United States Attorney's Office for the District of Massachusetts. Ms. Leah Foley is the United States Attorney. Assistant United States Attorneys Dustin Chao and Lauren Maynard will try the case for the government. They will be assisted by [Identity of agents or assistants to the government at trial]. Mr. Tompkins will be represented by his attorneys Martin G. Weinberg and Maksim Nemtsev.

12.    Do you, a family member, or any close friends know any of these individuals?

13.    Have you, or has anyone you know, had any dealings with any of these individuals or with the United States Attorney's Office here in the District of Massachusetts?

14.    Do you, a family member, or any close friends, have any associations or employment with the United States Attorney's Office?

15.    Do you, a family member, or any close friends, have any associations or employment with any law enforcement agency, federal, state, or local?

16.    At the time relevant to the allegations, Mr. Tompkins was the Sheriff of Suffolk County.

3

    i. Is there anything about that fact that would affect your ability to be fair and impartial?

    ii. Do you, a family member, or any close friends know or have any dealings with Mr. Tompkins, or the Suffolk County Sheriff's Department?

    iii. Do you have any feelings, for or against, law enforcement officers?

17.    The evidence in this case is expected to show that Mr. Tompkins invested in Ascend, a business seeking a Massachusetts cannabis license.

    i. Is there anything about that fact that would affect your ability to be fair and impartial?

    ii. Do you, a family member, or any close friends know or have any dealings with Ascend, any related entity, or its principal Frank Perullo?

### Views about Cannabis

18.    Do you have any feelings, for or against, cannabis or marijuana?

19.    Do you, a family member, or close friend have any experiences with marijuana, or any other controlled substance, that could affect your ability to be impartial in this case?

20.    Have you or a close friend or family member ever worked in the cannabis industry or advocated for changes to marijuana laws?

21.    Do you have any strong feelings, positive or negative, about companies seeking cannabis licenses in Massachusetts, or about how cannabis licenses are awarded?

22.    Cannabis has been legalized in Massachusetts, and there is nothing illegal about investing in a cannabis company, absent some other independent criminal conduct. Do you have any difficulty accepting that principle?

**Views about Government Officials**

23.    The evidence in this case is expected to show that Mr. Tompkins received an equity interest in Ascend at a time when the Suffolk County Sheriff's Department was accepting applicants from Ascend to its offender re-entry program.  Do you have any feelings for or against law enforcement officers who also pursue business interests?

24.    Do you strongly believe a public official should not have a private financial interest in a business that may interact with government?

25.    Is there anything about Mr. Tompkins's status as a public official that could affect your ability to be fair and impartial in this case?

26.    Do you have any strong feelings about a defendant who is the Suffolk County Sheriff due to his position or due to the nature of his work?

27.    Do you have any feelings, for or against, public officials?

28.    Do you believe that public officials should be held to a higher standard than the one the Court gives you in its instructions?

29.    Would you have difficulty distinguishing between conduct that you might personally view as poor judgment, a conflict of interest, or an appearance of impropriety, and conduct that the Government has proven beyond a reasonable doubt is a federal crime?

30.    Have you or anyone close to you ever been involved in state or local government or politics, in either a paid or unpaid capacity?  If yes, explain.

31.    Have you ever voted in, worked on, contributed to, volunteered for, or closely followed a campaign involving the Suffolk County Sheriff's Department or Mr. Tompkins?

32.    Have you, anyone close to you, or anyone with whom you work had any dealings with lawyers or consultants that assist companies in seeking licenses or contracts or other benefits with local or state government?

33.    Have you, a family member, or a close friend ever applied for, opposed, consulted on, or been involved in any government licensing, permitting, procurement, grant, zoning, or regulatory process?

34.    Do you have strong feelings, positive or negative, about lobbying, political consulting, campaign support, or efforts by businesses to obtain access to public officials?

35.    Have you, a family member, or a close friend ever worked for, volunteered with, received services from, or had any experience with a jail, correctional facility, sheriff's department, probation department, parole office, or offender re-entry program?

36.    The defendant in this case is charged with Hobbs Act extortion. As I will explain at the end of trial, in this context, the prosecution must prove a *quid pro quo* or a specific and corrupt intent to give or receive something in exchange for an official act.  By contrast, if you find that Mr. Tompkins simply intended to invest in Ascend, without agreeing to receive that investment in exchange for his specific official acts, the judge will instruct that you must find the defendant not guilty.  Will you be able to follow such an instruction?

37.    Would you be able to follow the Court's instruction that suspicion, speculation, public criticism, or an appearance of impropriety is not enough to convict a person of a federal crime?

**Views About Defendants, Witnesses, and the Government**

38.     Would you tend to give the government's witness testimony or evidence more weight than the defendant's evidence on the same subject, because the testimony is presented by the government?

39.     You may hear testimony during the trial from members of law enforcement (for example an FBI agent).  The fact that a witness may be a member of law enforcement does not mean that his or her testimony is entitled to any greater or lesser weight by reason of his or her employment than the testimony of other witnesses.  Would you, as a juror, give the testimony of law enforcement officers more or less credibility than the testimony of others?

40.     The evidence may include testimony from witnesses who had financial, business, reputational, or other personal interests in the events at issue. Would you have any difficulty evaluating such testimony carefully and considering whether a witness had a motive to minimize, exaggerate, or shift blame?

41.     Does anyone think they would have difficulty applying the rule of law that the government is entitled to no special consideration simply because the case is brought in the name of the United States?

42.     Do you believe that simply because the defendant has been charged with a crime that it is likely he did something wrong?

43.     Do you have any problem with the legal proposition that a defendant must be presumed innocent unless and until the prosecution can prove guilt beyond a reasonable doubt?

44.     Do you have any difficulty presuming that Mr. Tompkins is innocent right now?

45.    A defendant in a criminal case has the right not to testify.  The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all.  Would you have difficulty accepting and applying this legal principle?

46.    If, after hearing all the evidence and my instructions on the law, you found that the government has not proven its case beyond a reasonable doubt, would you feel uncomfortable finding the defendant not guilty?

47.    Do you believe that our system of criminal justice improperly favors either the prosecution or the defense?

48.    Do you believe that our system of criminal justice improperly favors individuals charged with white-collar crimes?

49.    Is there any belief, experience, or opinion you have about public corruption, cannabis licensing, law enforcement, or elected officials, that you have not yet mentioned and that could affect your ability to be fair and impartial in this case?

50.    Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

### Implicit Bias

51.    Our system of justice depends on judges like me and jurors like you being able and willing to make careful and fair decisions.  All people deserve fair and equal treatment in our system of justice, regardless of their race, national origin, or any other personal characteristic. Do you believe you would have any difficulty accepting and applying this important legal principle?

52. One difficulty comes from our own built-in expectations and assumptions. They exist even if we are not aware of them and even if we believe we do not have them. Some of you may have heard this called "implicit" bias and that is what I'm talking about. In a jury trial like this one, the defendant must be judged individually based on the evidence, not based on his race or any other personal characteristic. Each of you should take extra care to make sure you're doing exactly that. Do you believe you would have any difficulty following this instruction?

53. As you may have observed, Mr. Tompkins, the defendant, is a Black American. Is there anything about this fact that might cause you to doubt your ability to treat Mr. Tompkins with the same fair consideration you would give to any person accused of a crime?

<u>**Victim of a Crime**</u>

54. Have you, or has any family member or any close friend, ever been the victim of a crime, pressed criminal charges against someone, or tried to press criminal charges against someone? If you feel uncomfortable answering this question in open court, please say so. If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

<u>**Prior Jury Service**</u>

55. Have you ever served as a juror or grand juror before in any type of case?

56. If so, please state whether each case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

57.    For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

Respectfully Submitted,
STEVEN TOMPKINS
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: July 16, 2026

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this date, July 16, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.

10