UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 25-CR-10334-MJJ |
| | ) | |
| STEVEN W. TOMPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED VOIR DIRE QUESTIONS**

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests that this Honorable Court include the following proposed *voir dire* questions as part of the Court's examination of prospective jurors.

1.      The United States of America is represented in this case by attorneys Lauren Maynard and Dustin Chao, and legal assistant Elizabeth Mishalko. They are staff members of the U.S. Attorney's Office here in Boston. Do you, a member of your family, or a close friend know Ms. Maynard, Mr. Chao, or Ms. Mishalko? Have you, your relatives, or a close friend ever had any dealings with the U.S. Attorney's Office?

2.      Defendant Steven W. Tompkins, is represented by Martin Weinberg and Maksim Nemtsev. Do you, a member of your family, a relative, a co-worker, or a friend know Mr. Tompkins, Mr. Weinberg, or Mr. Nemtsev? Have you ever had any dealings with Mr. Tompkins, Mr. Weinberg, or Mr. Nemtsev?

3.      This is a criminal case involving allegations that the defendant Steven Tompkins – who is the Suffolk County Sheriff – extorted Francis Perullo, who ran a cannabis company called Ascend Wellness Holdings ("Ascend"), to sell the defendant shares of Ascend company stock in exchange for the Suffolk County Sheriff's Department agreeing to maintain a partnership with

1

Ascend. The partnership provided that the Sheriff's Department would refer inmate candidates to Ascend to hire as employees.  This partnership was part of Ascend's "Positive Impact Plan," which was a requirement to obtain and maintain a license in Massachusetts as a marijuana retailer.  Is there anything about the nature of the charges that would keep you from being able to sit as a fair and impartial juror in this case?

4.      Do you have any religious, moral, social, political, or philosophical concern about sitting in judgment of another person such that it would interfere with your ability to judge this case?

5.      Do you have a history of problems dealing with stress or pressure, or are taking medications that might interfere with your ability to sit as a fair and impartial juror in this case?

6.      If you are selected as a juror in this case, you will take an oath to render a verdict based upon the evidence and the law as instructed to you by the Court.  You will be required to accept the law as given to you by the Court without regard to any personal opinion you may have as to what the law is or should be.  Is there anyone who would not be able to reach a verdict in accordance with the evidence and the law as given to you in the instructions from the Court?

7.      The law does not compel a defendant in a criminal case to testify, and no presumption of guilt may be drawn from the fact that a defendant does not testify.  Likewise, the law never imposes on a defendant any duty to call any witness or produce any evidence.  Is there anyone who would think a defendant is guilty because they did not testify or produce any witnesses or evidence?

8.      For you to find a defendant guilty, the United States must prove that the defendant is guilty beyond a reasonable doubt.  The United States is not required to prove the guilt of any defendant beyond all possible doubt.  The law recognizes that the human mind can always conceive

of some doubt as to any proposition. Is there anyone who would require the United States to prove its case beyond all doubt before they could vote for a guilty verdict?

9. Movies, shows, and social media accounts depicting police work, forensic evidence, and the criminal justice system often show evidence in the form of audio and video recordings from wiretaps, third party consensual recordings, or police-worn body camera footage. No such evidence will be presented in this case. Is there anyone who would require audio or video recordings of the alleged crime to be introduced as evidence before they could vote for a guilty verdict?

10. Your verdict must be based on the facts of the case—on the evidence. You are not permitted to consider sympathy, prejudice, vengeance, hostility, fear, or any similar emotion in reaching your verdict. Do any of you feel that you could not put such factors out of your mind when you deliberate on your verdict?

11. You are the judges of the facts. If you find, after considering the evidence and following my instructions on the law, that a defendant is guilty of one or more of the counts in the Indictment, it will be my duty, as judge, to determine the punishment, if any. You are not permitted to consider the possible punishment, if any. Is there anyone here who would hesitate to find a defendant "guilty" because of the possibility that the Court may impose a sentence in this case?

12. What follows is a list of names of persons who may be witnesses in this case or whose names may come up in testimony. Do you, a member of your family, a relative, a co-worker, or a friend know any of these persons? Have you had dealings with any of them? [Read the parties' witness lists.]

13. The usual hours for the trial of this case will be 9:00 a.m. to 1:00 p.m., Monday

through Friday. It is always difficult to estimate how long a trial will take. This trial is estimated to last approximately two weeks. After the conclusion of the evidence, and once the jury begins deliberations, jurors have to plan to be at the courthouse until at least 4:30 pm each afternoon. Does this schedule present so great a hardship that anyone feels they cannot be a juror in this case?

14. Have you, a member of your family, relative, friend, co-worker, or someone close to you ever been involved in the criminal justice system, as either a prosecutor, defense attorney, employee of a prosecutor's office or defense attorney, probation officer, court officer, corrections officer, court clerk, or member of law enforcement?

15. Have you, a member of your family, relative, friend, co-worker, or someone close to you ever been charged with a crime, or involved in a criminal case as either a victim or a witness?

16. Have you ever served on a grand jury in either a state or federal court?

17. Have you ever served as a juror at the trial of a criminal or civil case in either state or federal court?

18. Have you, a member of your family, relative, friend, co-worker, or someone close to you had an experience, favorable or unfavorable, with a member of law enforcement or with the criminal justice system that might influence your consideration of this case?

19. This is a federal case, brought in the name of the United States of America. The federal government is comprised of many agencies and departments, including the Department of Justice and the Federal Bureau of Investigation. Have you, a member of your family, or anyone close to you ever had any dealings with the federal government, including the agencies I mentioned, whether favorable or unfavorable, that might influence your consideration of the evidence in this case?

20.     Have you read or heard anything about this case or about the defendant, Steven Tompkins?

21.     Have you discussed the details or charges in this case with anyone, or overheard such a discussion?

22.     Do any of you have any personal knowledge of the facts of this case?

23.     Have you, a member of your family, relative, friend, co-worker, or someone close to you worked at the Suffolk County Sheriff's Department or Ascend?

24.     Have you, a member of your family, relative, friend, co-worker, or someone close to you had any interactions, favorable or unfavorable, with the Sheriff, the Suffolk County Sheriff's Department, or Ascend?

25.     A witness in this case cooperated with the government in return for an immunity agreement.  Would that fact make it difficult for you to fairly and impartially consider their testimony?

26.     Do any of you have any problem hearing, speaking, or understanding the English language, or any other difficulty that would make it hard for you to be a juror in this case?

27.     The United States and the defendant are entitled to a fair and impartial jury in this case.  The sole purpose of these questions is to provide information to the parties about the prospective jurors to assist the parties in selecting a fair and impartial jury in this case.  Is there anything else about you, your family, background, work, life experiences, or beliefs, that you think the parties should know that might help them select a fair and impartial jury?

Respectfully submitted,

LEAH B. FOLEY
UNITED STATES ATTORNEY

By:    /s/ *Lauren Maynard*
       Dustin Chao
       Lauren Maynard
       Assistant U.S. Attorneys

Dated:  July 16, 2026

## Certificate of Service

This is to certify that I have served counsel for the defendant a copy of the foregoing

document by electronic mail via the ECF system.

/s/ *Dustin Chao*
Dustin Chao
Assistant U.S. Attorney

Dated:  July 16, 2026

6