UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>STEVEN W. TOMPKINS<br>Defendant | ) | No. 25-CR-10334-MJJ |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OR, IN THE ALTERNATIVE, *IN CAMERA* REVIEW OF FBI AGENTS' CONTEMPORANEOUS NOTES OF INTERVIEWS WITH FRANCIS PERULLO**

Steven W. Tompkins, by and through undersigned counsel, respectfully moves for an order requiring the Government to produce the FBI agents' contemporaneous handwritten notes of interviews of, or substantive communications with, Francis Perullo to the extent those notes: (1) contain a substantially verbatim, contemporaneously recorded recital of Perullo's oral statements within the meaning of 18 U.S.C. § 3500(e)(2) or Fed. R. Crim. P. 26.2(f)(2); (2) reflect any material difference, omission, or inconsistency from a disclosed FBI 302, Perullo's grand jury testimony, or his anticipated trial testimony; or (3) contain exculpatory or impeachment information subject to *Brady v. Maryland*, *Giglio v. United States*, the Court's March 3, 2026 trial order, or L.R. 116.2. In the alternative, the defense asks the Court to review the notes *in camera* and order production of the qualifying portions.

The defense reserves its right to request contemporaneous notes concerning other Government witnesses if later disclosures, testimony, or other developments establish a basis for doing so. Indeed, the Government has not produced any agent notes for their remaining witnesses and no FBI 302s for seven of the twenty witnesses listed on their witness list.

## I. BACKGROUND

On March 3, 2026, this Honorable Court set trial for August 24, 2026 and scheduled the Final Pretrial Conference for July 30, 2026. Dkt. 97 at 1. The Court ordered the Government, no later than July 2, 2026, to disclose all remaining information identified in L.R. 116.2 and to produce the statements, as defined by 18 U.S.C. § 3500(e) and Rule 26.2(f), of every witness it intends to call in its case-in-chief. *Id.* at 2, ¶ 2(a), (d).

The Government has identified Francis Perullo as an anticipated witness and has produced FBI 302 reports memorializing two lengthy interviews with him. Perullo is a critical Government witness. His account of the alleged arrangement lies at the center of the charged offense, and the accuracy and completeness of the Government's memorialization of his statements will be central to the defense's preparation and cross-examination.

On July 7, 2026, the defense made a written request for all handwritten notes made by the FBI agents who interviewed Perullo. The Government has declined to produce those notes on July 21, 2026.

The need for the agents' notes became even clearer when the Government filed its Motion *in Limine* to Preclude the Use of Law Enforcement Agent Interview Reports or Notes for Impeachment, Dkt. 112. The Government contends that its interview reports are not Perullo's own statements because agents prepared them after the interviews from memory and written notes, selectively determining what information to include or omit and incorporating their own interpretations and impressions. *Id.* at 1–3. Unlike reports prepared after the fact, however, notes taken during the interviews are far more likely to preserve Perullo's contemporaneous, verbatim statements and are therefore particularly important for impeachment purposes. L.R. 116.9 requires their preservation in part due to their potential discoverability.

## II. ARGUMENT

The Government should be required to identify and review all contemporaneous notes memorializing interviews of, or substantive communications with, Francis Perullo and to submit any disputed materials for *in camera* review in the event they are not ordered produced to the defendant. Without such a review, neither the defense nor the Court can determine whether the notes contain producible witness statements or favorable and impeaching information.

The Court's trial order required the Government to produce, by July 2, 2026, all statements within the meaning of 18 U.S.C. § 3500(e) and Federal Rule of Criminal Procedure 26.2(f) for each witness it intends to call in its case-in-chief. Dkt. 97 at 2, ¶ 2(d). The order separately required disclosure of all previously unproduced information identified in D. Mass. L.R. 116.2. Id. ¶ 2(a). The Government was therefore obligated to produce both qualifying *Jencks* material and any favorable or impeaching information concerning its anticipated witnesses, including Perullo, in advance of trial.

Contemporaneous interview notes may fall within either category. Under the *Jencks* Act and Rule 26.2, a witness "statement" includes a writing signed, adopted, or approved by the witness, as well as a substantially verbatim contemporaneous record of the witness's oral statement. 18 U.S.C. § 3500(e)(1)-(2); Fed. R. Crim. P. 26.2(f)(1)-(2). Accordingly, to the extent the agents' contemporaneous notes record Perullo's words substantially verbatim, or were adopted, approved, or confirmed by him, those portions constitute statements subject to the Court's production order. Assuming some of the notes accurately memorialized Perullo's statements, even if other notes summarized them, the handwritten notes are producible under 18 U.S.C. § 3500 at least as to the portions that are substantially verbatim reporting of Perullo's statements to the FBI during his two lengthy interviews which occurred first under a proffer agreement and then under

a grant of immunity. Whether the notes satisfy those standards requires a factual inquiry. *See United States v. Drougas*, 748 F.2d 8, 30 (1st Cir. 1984), *holding modified by United States v. Piper*, 35 F.3d 611 (1st Cir. 1994) ("after an in camera inspection of the jottings of the notes taken during the interview, properly determined that these were not 'statements of the witness' within the scope of the Jencks Act."). That inquiry may include examination of the notes themselves and, if necessary, evidence concerning how the agents recorded Perullo's statements, whether they read any portion back to him, whether he reviewed or confirmed them, and how the notes were used to prepare subsequent reports. *See Campbell v. United States*, 365 U.S. 85, 92 (1961) ("Determination of the question whether the Government should be ordered to produce government papers could not be made from a mere inspection of the Interview Report, but only with the help of extrinsic evidence.").

Even if some or all of the notes do not independently qualify as *Jencks* statements, their contents remain subject to *Brady*, *Giglio*, the Court's trial order, and Local Rule 116.2. The Local Rule requires disclosure of information that casts doubt on the defendant's guilt or on the credibility or accuracy of evidence the Government anticipates presenting. D. Mass. L.R. 116.2(a)(1), (3). It expressly encompasses information tending to undermine an anticipated witness's credibility or accuracy, prior inconsistent statements by an anticipated witness, and statements by another person that are inconsistent with the witness's anticipated testimony. *Id.* 116.2(b)(2)(A)–(C). The contemporaneous notes may contain information omitted from, inconsistent with, or more favorable than a later FBI 302, Perullo's grand jury testimony, or his anticipated trial testimony. They may also reflect qualifications, uncertainty, changes in emphasis, or subjects discussed during the interview that were omitted from the final report. Such differences may be valuable in testing credibility even when they do not amount to direct contradictions.

Rough notes may therefore contain *Brady* or *Giglio* information even when they are not independently producible as *Jencks* statements.

The First Circuit's decision in *United States v. Flores-Rivera* illustrates why production of a later 302 does not eliminate the need to review the underlying notes. There, the Government produced FBI 302 reports but withheld an interviewing agent's rough notes. 787 F.3d 1, 14–15 (1st Cir. 2015). Although the notes substantially overlapped with the reports, they contained additional information bearing on exculpation and impeachment. *Id*. at 15. Considering those notes, the First Circuit concluded that nondisclosure undermined confidence in the verdict and ordered a new trial. *Id.* at 25–32.

Presently, the defense cannot conduct that comparison based on the present production. It does not know whether the notes recorded substantial portions of an interview verbatim, whether Perullo reviewed or confirmed any recitation of his statements, or whether the notes differ materially from the later reports or anticipated testimony. Those matters cannot be resolved by relying exclusively on the Government's subsequently prepared summaries.

In Dkt. 112, the Government seeks to prevent the defense from treating the 302 reports as Perullo's own statements. It contends that the reports are later summaries prepared by agents from their memories and notes and necessarily reflect decisions about what to include, omit, and emphasize. Dkt. 112 at 1–3. That position makes the underlying contemporaneous notes more important, not less. If the 302s are not reliable recitations of Perullo's own words, the contemporaneous notes may provide the best available evidence of what he actually said, what qualifications or limitations he supplied, what subjects were omitted from the final reports, and whether his account changed over time. The Government cannot fairly rely on the selective and interpretive character of the 302s to restrict their use at trial while withholding the

contemporaneous source material that may reveal whether those reports accurately and completely memorialize Perullo's interviews. Here, the defense does not seek the notes merely to place them before the jury. It seeks them to identify producible witness statements and favorable or impeaching information, to prepare an informed cross examination of Perullo, and, if necessary, to examine the interviewing agents who are potential rebuttal witnesses concerning statements that the Government itself characterizes as filtered through the agents' memory, selection, and judgment but which may contradict or modify Perullo's in court testimony.

The defense does not contend that every handwritten notation is automatically producible. Rather, the Government should be directed to identify and review all contemporaneous notes memorializing interviews of, or substantive communications with, Perullo. It should then produce any portions that qualify as statements under § 3500(e) or Rule 26.2(f), as well as any information subject to disclosure under *Brady*, *Giglio*, the Court's trial order, or Local Rule 116.2.

If the Government disputes whether any portion of the notes is a substantially verbatim statement or contains favorable or impeaching information, the appropriate course is *in camera* review. Section 3500(c) expressly authorizes the Court to inspect disputed material and excise unrelated portions. The First Circuit has likewise approved in camera inspection of agents' interview notes to determine whether they fall within the *Jencks* Act or otherwise contain producible information. *See Drougas*, 748 F.2d at 30.

Accordingly, the Court should order the Government to identify and review all contemporaneous notes concerning Perullo, produce all qualifying statements and favorable or impeaching information, and submit any disputed material to the Court for prompt in camera review.

## III. CONCLUSION

For these reasons, the Court should order the Government to produce all contemporaneous handwritten notes of interviews of or substantive communications with Francis Perullo that: (1) contain substantially verbatim, contemporaneously recorded portions of his statements; (2) reflect a material difference, omission, or inconsistency from a disclosed 302, his grand jury testimony, or his anticipated trial testimony; or (3) contain exculpatory or impeachment information. In the alternative, the Court should direct the Government to submit all such notes for *in camera* review and confirm that the notes have been preserved.

Separately, the defense requests that the Government produce any additional handwritten notes concerning other witnesses that satisfy the same standards set forth above with respect to the Perullo notes.

Respectfully Submitted,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this date, July 23, 2026, a copy of the foregoing document has been served on the government via ECF.

**/s/ Martin G. Weinberg**
Martin G. Weinberg