UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN W. TOMPKINS,<br><br>Defendant | ) ) ) ) ) ) ) ) | CRIMINAL No. 25-CR-10334-MJJ |

**GOVERNMENT'S MOTION TO EXCLUDE REVERSE 404(b) EVIDENCE**

The United States of America, through the undersigned attorneys, hereby submits this motion in further support of its motion to exclude reverse 404(b) evidence.[1] For the reasons explained herein, and in related filings (ECF 113 at 6-10), such evidence must be excluded.

At the pretrial conference on July 30, the defendant provided details regarding the prior acts evidence that he intends to offer. Specifically, that he intends to call Andrea Cabral to testify that the defendant had been a proponent of reentry programs for years before the Ascend partnership. The defendant has also identified a number of exhibits touting his good works at the SCSD.[2] And his witness list includes *six* witnesses, in addition to Cabral, who would testify regarding the defendant's involvement in the SCSD's reentry and rehabilitation programs.

[1] The government filed a motion in limine to exclude irrelevant evidence, including evidence of defendant's prior good acts, on July 15, 2026. That same day, the defendant provided the government with his exhibit and witness lists. After reviewing those exhibits, witness statements, defendant's arguments in opposition to the government's motion (ECF 122), and hearing the defendant's arguments at the final pretrial conference on July 30, 2026, the government is now positioned to move to exclude the specific evidence offered by the defendant.

[2] The exhibits include campaign emails and statements touting defendant's accomplishments (Exs. QQ, RR, SS, UU), and emails, text messages, SCSD literature, and articles touting defendant's work at SCSD (Exs. TT, YY, III, JJJ, PPP, QQQ, RRR), among others.

According to the defendant, evidence that he supported reentry programs in the past proves that he would have continued to support the reentry partnership with Ascend regardless of whether he received risk-free equity shares of Ascend not available to the general public. This is classic reverse 404(b) evidence and is not admissible.

**1. The evidence is not relevant**

An official "**is guilty of accepting a bribe even if he would and should have taken … the same action for which the bribe was paid**." *City of Columbia v. Omni Outdoor Adver.*, 499 U.S. 365, 378 (1991). The law on this point is well settled. The government need not prove that the defendant did something he would not have otherwise done if not for the benefit received. *See United States v. Bravo-Fernandez*, 264 F. Supp. 3d 366, 372-74 (D.P.R. 2017) (government not required to prove defendant would not have taken same action without bribe), *reversed on other grounds*; *United States v. McDonough*, 727 F.3d 143, 159-60 (1st Cir. 2013) (bribery does not require a finding than an official "d[id] something the official would not have otherwise done"); *United States v. Bryant*, 556 F. Supp. 2d 378, 392 (D.N.J. 2008) ("[A]n official can have the intent to be influenced by a bribe … even if, ultimately, the official ends up taking *the same action* he would likely have taken if he were not bribed" (emphasis in original)); *United States v. Orenuga*, 430 F.3d 1158, 1166 (D.C. Cir. 2005) (affirming jury instruction that it is not a defense that had there been no bribe, "the public official might have lawfully and properly performed the same act"); *United States v. Quinn*, 359 F.3d 666, 675 (4th Cir. 2004) ("[I]t does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations") *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (same rule applied to extortion); *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982) (same).

In other words, it does not matter if the defendant would have continued SCSD's partnership with Ascend even absent receiving risk-free equity in the company from Perullo. What matters is that the defendant intended to use that continued partnership to coerce Perullo into selling him equity shares in the company and to return his full investment. Thus, evidence of the defendant's prior involvement in inmate rehabilitation and reentry programs is irrelevant and not admissible under Rule 401.[3]

**2. The evidence is not admissible under Rule 404**

In addition to being wholly irrelevant, this evidence is expressly prohibited under the Rules of Evidence. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Following this rule, it is well-established that "[a] defendant may not seek to establish his innocence … through proof of the absence of criminal acts on specific occasions." *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (in college athletics bribery case, affirming district court's exclusion of defense evidence concerning specific instances in which defendant did not bribe other college coaches with whom he had relationships). *See also United States v. Menendez*, 759 F. Supp. 3d 460, 529-31 (S.D.N.Y. 2024); *United States v. Hills*, 2018 WL 3120637, at *4-5 (N.D. Ohio June 24, 2018); *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015) ("A bank robber cannot show that on many other occasions he entered a bank without pulling a gun on a teller, nor can a teller charged with embezzlement show how often he made correct entries

[3] The defendant's exhibit list includes a number of other character exhibits that are plainly irrelevant on their face. For example, photos of the defendant on vacation, in his full dress uniform, and of him being sworn in as a board member by the sitting governor (Exs. WW, XX, ZZ, AAA, BBB, EEE, FFF, HHH), personal text exchanges with Cabral (DDD, GGG), a college photo with Cabral (NNN), and what the defendant has labeled as a college-era note from Cabral (OOO). These irrelevant exhibits are not admissible pursuant to Rules 401 and 403.

in the books."); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (affirming a district court's decision to preclude as irrelevant past trips to Jamaica where the defendant, charged with importing cocaine, did not engage in drug activity); *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) ("Whether [the defendant] had prepared other, nonfraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent."); *United States v. Troutman*, 814 F.2d 1428, 1454 (10th Cir. 1987) (defendant who had been indicted for extortion of a specific company could not offer evidence that he had not extorted other companies).

Despite the longstanding, well-established precedent prohibiting it, this is exactly the type of evidence the defendant seeks to introduce. In addition to Cabral, defendant has identified six separate witnesses who, based on the witness statements provided to counsel, would testify regarding inmate reentry and rehabilitation programs that the defendant oversaw while at SCSD. A witness statement from the president of another company that partnered with SCSD to hire returning citizens even includes that the witness "was never asked for any money, kickbacks or any sort of personal favor [from defendant]." And in his own words, defendant argues the evidence is being offered because his "longstanding and unwavering commitment to offender re-entry programs deeply diminishes any probability that he would allow or disallow a prospective employer to participate in exchange for an equity interest in the company." ECF 122 at 2. This is textbook propensity evidence.

Courts have consistently rejected defendants' attempts to introduce such evidence by framing it as something else. In *Hills*, for example, defendants charged with a kickback scheme sought to introduce evidence of patient referrals unrelated to any kickbacks. They claimed that the evidence was admissible under Rule 404(b) because it "corroborated 'the alternative, true reason for any referrals: the patients' interests.'" 2018 WL 3120637, at *5. The court rejected this

argument, recognizing that "by relying on specific instances of lawfulness not charged in the indictment, defendants are attempting to draw the inference that the charged acts must also be lawful." *Id.*

Similarly, in *Menendez*, defendants sought to introduce testimony from their employees about specific instances of gift giving in an attempt to argue that items given to a public official were simply gifts given in the usual course, not bribes. The court rejected the argument, finding that "examples of gifts [defendants] gave without expecting anything in return are only relevant to argue that when they gave items … to [the public official] they were acting in accordance with the giver's character trait of generosity," and that such "propensity reasoning [] is plainly impermissible under Rule 404(b)(1)." 759 F. Supp. 3d at 529-31. This case is no different. The prior acts evidence offered by the defendant "is only relevant if we assume that [he] acted in conformity with those prior good acts—*i.e.*, if we make the exact propensity inference Rule 404(b)(1) is designed to prohibit." *Dawkins*, 999 F.3d at 792.

Defendant's argument that the evidence is relevant to the victim's state of mind and whether his fear of economic harm was reasonable (ECF 122 at 2) does not alter this analysis. The proffered evidence would be relevant only if used to suggest that Perullo must have believed the defendant was acting in accordance with his prior conduct on *that* particular occasion. That is propensity evidence and is not admissible. *See Troutman*, 814 F.2d at 1354 (rejecting argument that defendant's good conduct in matters unrelated to the charged conduct was relevant to victim's perception of the extortion).

**3. The evidence is not admissible under Rule 405**

Even where a defendant's character is relevant, evidence of prior acts to prove intent is not admissible. The rules of evidence narrowly prescribe how character evidence may come in.

"When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). The First Circuit has consistently recognized that specific instances of a defendant acting in accordance with a character trait are not admissible. *See, e.g.*, *United States v. Candelaria-Silva*, 166 F.3d 19, 35 (1st Cir. 1999) (limiting such evidence to reputation and opinion); *United States v. Lau*, 828 F.2d 871, 877 (1st Cir. 1987) (noting that defense character evidence is admissible only "by reputation or opinion testimony"). As one leading commentator highlighted with respect to the application of Rule 405(a) in a bribery case: "[A] federal inspector charged with accepting a bribe from a meat packer can call a character witness to show his reputation for being honest, but he may not call other meat packers to testify that he did not solicit bribes from them." 1 McCormick On Evid. § 191 (8th ed.) (discussing *United States v. Benedetto*, 571 F.2d 1246, 1249–50 (2d Cir. 1978)).

Here, the defendant has made clear that the purpose of the proffered evidence is to attempt to disprove intent. *See, e.g.*, ECF 122 at 2. But "if specific good deeds could be introduced to disprove intent or intention, which are elements in most crimes, the exception to Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed." *Menendez*, 759 F. Supp. 3d at 529-30 (quoting *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997)). "[W]here a defendant's reverse Rule 404(b) evidence is also character evidence, the Court must treat the reverse Rule 404(b) evidence the same way that it would treat the evidence under Rule 405." *Id.* at 531. Thus, even if the defendant's purported reputation for supporting returning citizen programs was not irrelevant and inadmissible propensity evidence, the specific instances of that conduct—as detailed in the defendant's proposed exhibits and anticipated to be discussed during the examination of multiple witnesses—would not be admissible.

#### 4. Conclusion

For the reasons stated above, and in the government's motion to exclude irrelevant evidence (ECF 113), the defendant's reverse 404(b) evidence is irrelevant and inadmissible. The government respectfully requests that the Court exclude any such evidence.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: August 3, 2026 By: *<u>/s/ Lauren Maynard</u>*
Dustin Chao
Lauren Maynard
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*<u>/s/ Lauren Maynard</u>*
Lauren Maynard
Assistant United States Attorney

Dated: August 3, 2026