UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN W. TOMPKINS,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL No. 25-CR-10334-MJJ |

**GOVERNMENT'S MOTION TO ADMIT EXHIBIT CC**

The United States of America, through the undersigned attorneys, hereby submits this motion to admit Exhibit CC. The government anticipates calling the Fidelity witness during trial this week, and submits this motion in order to streamline the trial day and his testimony.

The defendant has objected to the introduction of Fidelity records, including statements from certain years (Exs. DD, EE, and FF), account opening forms (Ex. BB), and interaction notes (Ex. CC). While the government maintains that all of the Fidelity exhibits are relevant and admissible, in an effort to refine the evidence, the government agrees to not introduce Exhibits BB, DD, EE, and FF.[1] Thus, the only outstanding objected-to Fidelity exhibit is Exhibit CC, an 8-page exhibit documenting contacts and interactions between Fidelity employees and the defendant. The defendant objects on the basis of hearsay and relevance.

**1. The statements in Exhibit CC are not hearsay**

The statements in the interaction notes are not hearsay. It is a bedrock principle of evidence that statements of a defendant are "not hearsay at all." *See United States v. Fox*, 889 F.2d 357, 360 (1st Cir. 1989) (quoting *United States v. Wright*, 873 F.2d 437, 441 (1st Cir. 1989)). *See also United States v. Catano*, 65 F.3d 219, 225 (1st Cir. 1995) (recorded conversations of defendant

[1] That is, unless the defendant opens the door to the introduction of such evidence.

admissible as "non-hearsay admissions of a party" (citing Fed. R. Evid. 801(d)(2)); *United States v. Reed*, 227 F.3d 763, 770 (7th Cir. 2000) ("Rule 801(d)(2)(A) simply admits those statements made by one party, but offered as evidence by the opposing party.").

Further, the interaction notes are business records excepted from the hearsay rules under Rule 803(6). They were made at or near the time of the interactions described, by a person with knowledge, in the regular practice, and were kept in the regular course of Fidelity's business. Thus, the records fall within the business records exception to the hearsay rule. Fed. R. Evid. 803(6); *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 966 (W.D. Wis. 2013) ("[C]all logs and notes are admissible under the exception to hearsay for records of regularly conducted activity."); *Zeneca Inc. v. Eli Lilly & Co.*, No. 99-cv-1452, 1999 WL 509471, at *2 (S.D.N.Y. July 19, 1999) (sales representatives' call notes satisfied business records exception).

**2. Exhibit CC is relevant**

"Relevancy is a very low threshold that only requires the tendered evidence to move the inquiry forward to some degree." *United States v. Abbas*, 100 F.4th 267, 291 (1st Cir. 2024) (cleaned up). The relevance of the interaction notes goes well beyond that "very low threshold."

First, the notes are intrinsic to the case, as they directly reference the defendant's $50,000 transfer to Perullo that is the subject of Count 1. According to the notes, when the defendant sought to make the transfer from his Fidelity account, he told his financial advisor that he was wiring money to "some political group," instead of disclosing that he was making an investment in a cannabis company. The defendant's statement made at the time of the $50,000 transaction is intrinsic to the charge, and is highly probative of his intent at the time of the transaction. Further, following the defendant's investment, the notes reflect that he represented that he had no investments outside of his Fidelity accounts except for real estate. Defendant has described his

transaction as "a business transaction, at full market value, with a longtime friend." (ECF 128 at 2). Obviously, if this "business transaction" with a friend were innocent, there would be no need for the defendant to conceal the transaction from his own financial advisor.

Second, the notes are relevant to the defendant's experience and knowledge as an investor. The defendant's investment experience goes directly to an element the government must prove, that defendant knew he was obtaining a benefit to which he was not entitled—that is, risk-free equity and a return of his entire investment. Moreover, the defendant argued during opening that he was "misled" by Perullo and did not understand the terms of the investment. The defendant's history as a hands-on investor rebuts this argument, because it shows that the defendant understood how investments work, frequently sought advice from financial advisors, and was beyond capable of understanding the terms of the agreement he signed.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: August 26, 2026 By: /s/ *Lauren Maynard*
Dustin Chao
Lauren Maynard
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lauren Maynard*
Lauren Maynard
Assistant United States Attorney

Dated: August 26, 2026