UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN W. TOMPKINS,<br><br>Defendant | CRIMINAL No. 25-CR-10334-MJJ |

**GOVERNMENT'S MOTION TO ADMIT SCSD RECORDS**

The United States of America, through the undersigned attorneys, hereby submits this motion to admit Exhibit N (SCSD Employee Handbook) and Exhibits SSS-YYY (SCSD Codes of Conduct) under Rules 401 and 403. All of these exhibits are probative and relevant to prove the defendant's contemporaneous knowledge of State ethics rules and, thus, his intent to act wrongfully when he demanded Ascend stock (and subsequent refund) from Francis Perullo.[1]

The defendant has placed this evidence squarely at issue through both his opening – characterizing the Ascend stock transaction between Tompkins and Perullo as the innocent equivalent of "a risk-free loan from Steve Tompkins to Frank Perullo" (JT D.2 at 34) – and through his requests for jury instructions which cast Mr. Tompkins's state-of-mind as a cornerstone proof requirement for the government. Indeed, in Tompkins's proposed jury instructions (Dkt. 105),[2] the defendant has argued that the government cannot obtain a conviction unless it proves that "Mr.

[1] This request is not contrary to the Court's August 20, 2026 Order (Dkt. 159), where the Court denied the government motion regarding "Defendant's prior state ethics matters[,]" which pertained to the Defendant's prior disposition agreements (2015, 2023) under which the Defendant admitted to committing State ethics violations to the MA State Ethics Commission.

[2] The government opposes many of the defendant's proposed jury instructions (*see* Dkt. Nos. 107, 132), but understands that the Court has reserved its decision on these matters.

Tompkins **knew he was not legally entitled** to the property" (Dkt 105 at 5) (emphasis added); that "Mr. Tompkins obtained property to which **he knew he was not entitled**" (Dkt. 105 at 7) (emphasis added); and Mr. Tompkins did not have an "**honestly held belief, opinion, or understanding that his conduct was not unlawful**, even if the belief, opinion, or understanding turns out to be inaccurate of incorrect …. [when he received] an equity interest in Ascend …." (Dkt. 105 at 19) (emphasis added).

To state the obvious: if the government is required to prove that the defendant was not "legally entitled to the property," it follows that evidence that the defendant was aware that State ethics rules prohibited him from using his official position to secure privileges to himself is directly probative to this issue. What is more, the evidence in Exhibits N, SSS to YYY, shows that not only was Steven Tompkins aware of the relevant ethics rules, but he also personally demanded that his employees adhere to them year after year:

| | | | |
|---|---|---|---|
| *Chapter I*<br>**Administration & Management** | *Policy #:*<br>**S220** | *References:* **GL** c.6, §172 et seq. c.149, §185; c.268A<br>103 **CMR** 910.08; 914.01; 924.02; 973.07; 943.09<br>4-**ALDF**-6A-07; 7B-05; 7C-02, 03 | *Page 1 of 9* |
| *Personnel*<br>**Code of Conduct** | *Date of Issue:*<br>January 2000<br>*Effective:*<br>February 2020 | *Approved:*<br>Steven W. Tompkins, Sheriff | |

(*See* Ex. VVV at 1). This is the quintessence of relevance under Rule 401.

As the Court stated in its August 20, 2026 Order, "Defendant does not dispute that he knew he could not use his official position to obtain an unwarranted benefit." (Dkt. No. 159). However,

if there truly were no dispute, then the defendant should have stipulated to these Exhibits N, SSS to YYY as uncontroversial. But the truth of the matter is that the defendant concedes nothing in this regard, yet expects the government to prove that defendant "knew he was not legally entitled" to the property. The defendant cannot have it both ways.

In this case, the SCSD Employee Handbook and Codes of Conduct are directly relevant to the defendant's knowledge and intent. As this Court has recognized, the defendant's "understanding of the permissible and impermissible limits of his official position is material and relevant." *See* Order Denying Defendant's Motion to Strike (Dkt. No. 94 at 10). Just as the defendant's knowledge of the state ethics laws would be relevant to his knowledge and intent, so is his knowledge of the SCSD's code of conduct, which he personally issued to employees. *See United States v. Devin*, 918 F.2d 280, 287 (1st Cir. 1990) (evidence that police officer violated police department regulations was properly admitted in prosecution of officer for violating RICO and attempting to extort money under color of official right where evidence was probative of officer's intent and was relevant to depict setting in which charged racketeering and extortion took place). Moreover, since this evidence does not include any finding of a prior violation, there is no concern that jurors would view the evidence as prejudicial under Rule 403.

Thus, and for the foregoing reasons, the government respectfully requests that Exhibits N, SSS to YYY be admitted as relevant and probative evidence in the case at bar.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: August 26, 2026 By: */s/ Dustin Chao*
Dustin Chao
Lauren Maynard
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Dustin Chao*
Dustin Chao
Assistant United States Attorney

Dated: August 26, 2026